# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JOSHUA CARMONA, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:19-CV-469-L** |
| THE CITY OF DALLAS and DALLAS POLICE DEPARTMENT, | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are the City of Dallas's Rule 12(b)(6) Motion to Dismiss the Claims Alleged in the Plaintiff's Original Complaint (Doc. 6), filed March 1, 2019; and the Dallas Police Department's Rule 12(b)(6) Motion to Dismiss the Claims Alleged in the Plaintiff's Original Complaint[1] (Doc. 7), filed March 1, 2019. After careful consideration of the motions, response and objection, replies, pleadings, and the applicable law, the court **grants** the City of Dallas's Rule 12(b)(6) Motion to Dismiss the Claims Alleged in the Plaintiff's Original Complaint (Doc. 6); **grants** the Dallas Police Department's Rule 12(b)(6) Motion to Dismiss the Claims Alleged in the Plaintiff's Original Complaint (Doc. 7); and **allows** Joshua Carmona ("Plaintiff" or "Mr. Carmona") to file an amended pleading.

## I. Background

Mr. Carmona originally filed this action against the City of Dallas (the "City") and the Dallas Police Department (the "DPD") (collectively, "Defendants") on January 7, 2019, in Dallas

---

[1] The appellation "Complaint" is used by both Defendants; however, as the pleading was initially filed in state court, the proper appellation is "Petition." To avoid confusion, the court uses the appellation designated by Defendants in the title of the documents.

**Memorandum Opinion and Order – Page 1**

County Court at Law No. 1. In Plaintiff's Original Petition ("Petition"), Mr. Carmona contends that he was arrested without probable cause by police officers of the City on January 20, 2017, and charged under Section 42.03 of the Texas Penal Code for obstruction of a highway, street, sidewalk, or other passageway. Mr. Carmona asserts claims for false arrest, malicious prosecution, and violation of his rights under the First and Fourth Amendments to the United States Constitution. He seeks compensatory and punitive damages, attorney's fees, costs, and prejudgment and postjudgment interest. On February 22, 2019, Defendants removed this action to federal court because Plaintiff's asserted federal claims for alleged violations of the First and Fourth Amendments.

Both the City and the DPD seek dismissal of all claims asserted by Plaintiff pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that he has failed to state a claim upon which relief can be granted. Plaintiff disagrees and contends that his pleadings meet the requirements necessary to state claims upon which relief can be granted. Alternatively, he requests an opportunity to amend if the court determines that his pleadings are deficient. The court, for the reasons herein stated, agrees that Mr. Carmona has not pleaded facts from which the court can reasonably infer that the DPD is a jural entity, or that he has suffered a constitutional injury because of a custom or policy of the City.

## II. Standards

### A. Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content

**Memorandum Opinion and Order – Page 2**

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012)

**Memorandum Opinion and Order – Page 3**

(citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### B. Municipal Liability under 42 U.S.C. § 1983 (Rule 12(b)(6))

A governmental entity can be sued and subjected to monetary damages and injunctive relief under 42 U.S.C. § 1983 only if its official policy or custom causes a person to be deprived of a

federally protected right. *Board of the Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A governmental entity *cannot* be liable for civil rights violations under a theory of respondeat superior or vicarious liability. *Id.*; *see also Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979). Official policy is defined as:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the [city's] lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of [city] officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents [city] policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the [city] or to an official to whom that body had delegated policy-making authority.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (*en banc*); *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (*en banc*). For purposes of a motion to dismiss under Rule 12(b)(6), a plaintiff must plead facts from which the court can reasonably infer that the "challenged policy was promulgated or ratified by the city's policymaker." *Groden v. City of Dallas, Texas*, 826 F.3d 280, 285 (5th Cir. 2016). "[C]ourts should not grant motions to dismiss for [the] fail[ure] to plead the specific identity of the policymaker." *Id.* (citing *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346 (2014)).

The ultimate question in deciding the sufficiency of a complaint is whether a person has alleged facts to show that a policymaker promulgated or ratified an unconstitutional policy that resulted in injury to him or her. Although a plaintiff need not offer proof of his or her allegations at the pleading stage, a plaintiff "must plead facts that plausibly support each element of § 1983 municipal liability." *Peña v. City of Rio Grande, Tex.*, 879 F.3d 613, 621 (5th Cir. 2018) (citation omitted). In other words, a plaintiff must set forth facts, or those from which the court can

**Memorandum Opinion and Order – Page 5**

reasonably infer, that: "(1) an official policy; (2) promulgated by the municipal policymaker; (3) was the moving force behind the violation of a constitutional right." *Hicks-Fields v. Harris Cty.*, 860 F.3d 803, 808 (5th Cir. 2017) (footnote and citations omitted). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citations omitted).

The policy or custom asserted by a plaintiff regarding municipal liability may include the inaction of official policymakers; however, such inaction can serve as the basis of a claim only when it constitutes "deliberate indifference" to the rights of the plaintiff, and such indifference is a "closely related" cause of the plaintiff's injuries. *City of Canton v. Harris*, 489 U.S. 378, 388, 391 (1989). The failure or inaction "must amount to an intentional choice, not merely an unintentionally negligent oversight." *Rhyne v. Henderson Cty.*, 973 F.2d 386, 392 (5th Cir. 1992) (citing *City of Canton*, 489 U.S. at 390). Accordingly, municipal liability cannot be imposed against a city or other local government because of the negligence of its employees. To do so would predicate liability on a theory of respondeat superior, which is not allowed under *Monell*. 436 U.S. at 694.

To defeat "a motion to dismiss, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts.'" *Balle v. Nueces Cty. Tex.*, 690 F. App'x 847, 852 (5th Cir. 2017) (quoting *Spiller v. City of Tex. City Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997)). In other words, the pleadings are adequate with respect to a section 1983 claim against a city when they set forth "specific factual allegations that allow a court to reasonably infer that a policy or practice exists and that the alleged policy or practice was the moving force" for the constitutional violation asserted. *Id.* (citation omitted). Although *Spiller* is over twenty years old, its holding that allegations of an allegedly unconstitutional policy or custom of a local government may not be stated conclusorily but must

set forth specific facts is still solid law, and it was recently cited with approval by the Fifth Circuit in *Peña*. 879 F.3d at 622. If a complaint does not meet the standard set forth in *Spiller*, an action cannot "proceed beyond the pleading stage." *Id.*

## III. Analysis

### A. DPD's Motion to Dismiss

The DPD contends that Plaintiff has failed to state a claim upon which relief can be granted against it because the DPD, as a department or agency of the City, lacks the legal capacity to sue or be sued, and, therefore, cannot be named as a defendant. The court agrees.

The court takes judicial notice pursuant to Federal Rule of Evidence 201 that the City is a home rule city of the State of Texas as set forth in its Charter[2] and that the DPD is a department of the City.[3] To sue a city department, a plaintiff must show that the department has legal existence separate and distinct from the city itself. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (citation omitted). "[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government entity itself." *Id.* (citation omitted). No allegations in Plaintiff's Petition even intimate that the DPD has jural existence separate and apart from the City, or that the City has taken steps to grant the DPD jural authority. Thus, Plaintiff has failed to state a claim upon which relief can be granted against the DPD. Although the court will grant the DPD's motion to dismiss, it will allow Plaintiff an opportunity to file an amended pleading to set forth allegations that the DPD has legal existence separate and distinct from the City. If Plaintiff elects to keep the DPD in as a party, he must plead in accordance with the standard set forth in section II(A).

---

[2] Dallas, Tex. City Charter, Ch. 2, § 2 (2014).
[3] Dallas, Tex. City Charter, Ch. 12, § 1 (2014).

**Memorandum Opinion and Order – Page 7**

B.  The City's Motion to Dismiss

1.  Federal Claims

As stated earlier, Plaintiff asserts claims under the Fourth and First Amendments. He contends that no probable cause existed to arrest or prosecute him for the "false" charge because he committed no crime. Specifically, Mr. Carmona contends that he was not blocking a highway or sidewalk, that he was in the street protesting the inauguration of President Donald Trump on January 20, 2017, that he admitted shouting obscenities at the police officers after witnessing one of his friends being violently arrested by officers, that he was arrested because he spoke ill of the police officers, that the arrest was an effort to suppress his right to free speech, that he obeyed the commands of the police officers when they instructed him to move from the street to the sidewalk, and that his criminal case was dismissed because there was no basis to initiate a criminal prosecution against him.

As the court stated previously, a municipality can be liable to a person under section 1983 only if he or she is injured because of a custom or policy of that municipal entity. Plaintiff's Petition is devoid of *any* allegations that a custom or policy of the City was the moving force that caused him to suffer a constitutional injury. Nothing in the Petition remotely suggests that the court can reasonably infer that the City had policies or customs that allowed its police officers to falsely arrest persons, prosecute them maliciously, or suppress their free speech rights. Mr. Carmona does not even set forth any conclusory allegations in his Petition regarding a policy or custom of the City that was the moving force behind the alleged violation or any First or Fourth Amendment right.

In his response, Plaintiff states as follows regarding the City's liability under section 1983:

> As the Defendant argues that the Plaintiff is required to show that the policies of the Defendant [were] the "moving force" behind the actions of the actors who violated the rights and harmed the Plaintiff [sic]. It would be naïve to expect

**Memorandum Opinion and Order – Page 8**

> that the city will promulgate laws and policies openly which would allow the police officers it employs to violate the citizen's constitutional rights openly. But there is no doubt that the City has a history of looking the other way when officers have committed illegal acts, a willful ignorance is being shown even in this case, where a video exists, contradicting the police report. The court should note that during all relevant facts upon which the causes of actions are based, Defendant was in direct control of the actors, with the authority to discipline or dismiss, that brought harm to the Plaintiff.

Pl.'s Resp. to the City's Mot. to Dismiss 3. In reviewing a Rule 12(b)(6) motion, a court is "limited to the allegations and theories set forth in the complaint that the district court had before it when granting the motion to dismiss." *Law v. Ocwen Loan Servicing, L.L.C.*, 587 F. App'x 790, 793 (5th Cir. 2014) (unpublished); *Powell v. Dallas Morning News LP*, 610 F. Supp. 2d 569, 577 (N.D. Tex. 2009) (holding that a court may not consider statements or allegations in a response filed by the plaintiffs). This means that a court is limited to consideration of the pleadings, and matters or theories raised in a response are not part of the pleadings. Accordingly, the court may not consider what Plaintiff has set forth in his response to the motion to dismiss. Even if the court could consider the statements made by Plaintiff in his response, they are conclusory and speculative, and cannot serve as a basis to state a claim.

The only basis on which Plaintiff relies to assert liability against the City is that the police officers were "acting in their capacities as law enforcement officers, employees of the Dallas Police Department [and] simultaneously as agents of the City of Dallas . . . . Pl.'s Original Pet. 3, ¶ 10. These allegations strongly intimate that the City should be held liable because of the negligence of its employees under a theory of respondeat superior; however, section 1983 liability cannot be predicated on a theory of respondeat superior. *Monell,* 436 U.S. at 694; *Baskin*, 602 F.2d at 1208.

In determining whether a pleading has stated a claim upon which relief can be granted, a recent opinion by the Fifth Circuit reiterates and reaffirms the necessity of adequately setting forth

factual allegations to support a claim. "The Supreme Court is no-nonsense about pleading specificity requirements: 'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice.'" *Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). Plaintiff refers to *no* policy or custom of the City as the moving force behind a constitutional right, and his pleadings do not even meet the rejected "threadbare" test. His lack of allegations of a policy or custom of the City as the moving force behind the alleged violations of the First and Fourth Amendments simply does not meet the requirement that a pleading contain "a short and plain statement of the claims that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As Plaintiff's allegations do not cite a policy or custom of the City that caused him to suffer the deprivation of a constitutionally protected right, he has failed to state a claim upon which relief can be granted against the City.

### 2. State Law Claims

A plain reading shows that Plaintiff's Petition only attempts to allege claims under the First and Fourth Amendments. The Petition, however, is not a model of pellucid draftsmanship. Accordingly, to the extent Mr. Carmona attempts to allege state law claims of false arrest and malicious prosecution, those claims, for the reason that follows, fail as a matter of law.

The Texas Tort Claims Act ("TTCA") provides a limited waiver of immunity for some claims against local governmental entities. Tex. Civ. Prac. & Rem. Code Ann. § 101.021; *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374-76 (Tex. 2006). The TTCA, however, expressly preserves immunity for claims against governmental entities for intentional torts. It does not apply to any claim "arising out of assault, battery, false imprisonment, or any other intentional tort . . . ." Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2). Although the statute mentions "false imprisonment," rather than "false arrest," the court has no pause in concluding that false arrest is an intentional tort. *Terrell v. City of El* Paso, 481 F. Supp. 2d 757, 768-69 (W.D. Tex. 2007);

**Memorandum Opinion and Order – Page 10**

*Hempstead v. Kmiec*, 902 S.W.2d 118, 122 (Tex. App.—Houston [1st Dist.] 1995, no writ). Likewise, although malicious prosecution is not listed in the statute, it, too, is an intentional tort. *Humphreys v. City of Granado, Tex.*, 467 F. App'x 252, 256-57 (5th Cir. 2012) (citations omitted). Thus, to the extent Plaintiff attempts to asserts claims of false arrest and malicious prosecution under state law against the City, they fail as a matter of law.

## IV. Amendment of Pleadings

In response to Defendants' motions to dismiss, Plaintiff requested an opportunity to amend his pleadings in the event the court determined that he failed to state a claim. The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Justice requires that Plaintiff be allowed to amend his pleadings. He has not previously amended them. As he has not previously amended, he should be allowed to cure the deficiencies, if possible. Moreover, the court determines that Defendants will not suffer any legal prejudice or undue delay by allowing Plaintiff an opportunity to amend.

## V. Conclusion

For the reasons herein stated, the court **grants** the City of Dallas's Rule 12(b)(6) Motion to Dismiss the Claims Alleged in the Plaintiff's Original Complaint (Doc. 6); and **grants** the Dallas

**Memorandum Opinion and Order – Page 11**

Police Department's Rule 12(b)(6) Motion to Dismiss the Claims Alleged in the Plaintiff's Original Complaint (Doc. 7). Plaintiff **shall file** an amended complaint addressing the pleading defects that the court has identified by **October 31, 2019.** *If Plaintiff fails to file an amended pleading as herein directed, the court will dismiss this action with prejudice pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, or dismiss it pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with a court order.*

**It is so ordered** this 11th day of October, 2019.

Sam A. Lindsay
United States District Judge