IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSHUA CARMONA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:19-CV-469-L** |
| | § | |
| THE CITY OF DALLAS and DALLAS POLICE DEPARTMENT, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Plaintiff's Motion to Add Parties Pursuant to Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure, and to File a Second Amended Complaint (Doc. 15), filed November 15, 2019; and the City of Dallas's Rule 12(b)(6) Motion to Dismiss the Claims Alleged in Plaintiff's First Amended Petition (Doc. 16), filed November 26, 2019. After careful consideration of the parties briefing, record, and applicable authority, the court **denies** Plaintiff's Motion to Add Parties Pursuant to Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure, and to File a Second Amended Complaint (Doc. 15); and **grants** the City of Dallas's Rule 12(b)(6) Motion to Dismiss the Claims Alleged in Plaintiff's First Amended Petition (Doc. 16).[1]

### I.   Procedural and Factual Background

Joshua Carmona ("Mr. Carmona" or "Plaintiff") originally filed this action in the Dallas County Court at Law Number No. 1 on January 7, 2019, against the City of Dallas (the "City") and the Dallas Police Department ("DPD") (collectively, "Defendants"). He contended that he

---

[1] Joshua Carmona misnames his amended pleading as Plaintiff's First Amended Petition. The document should have been titled "Plaintiff's First Amended Complaint." For the sake of convenience, the court uses "Petition" and "Complaint" interchangeably.

**Memorandum Opinion and Order – Page 1**

was unlawfully arrested by police officers of the DPD at a demonstration in which he and others were protesting the Inauguration of Donald Trump as President of the United States. Mr. Carmona contended that no probable cause existed for his arrest, that he was lawfully exercising his rights of free speech and protest, and that he was maliciously prosecuted by Defendants. As a result of the arrest, he sued Defendants for allegedly violating his rights under the First and Fourth Amendments to the United States Constitution. He also alleged a claim for malicious prosecution under the Fourth Amendment because he was under prosecution for nine months before the criminal case was dismissed. He also sought compensatory and exemplary damages for the alleged injuries he suffered, as well as prejudgment and postjudgment interest, attorney's fees, and costs of court. Title 42 U.S.C. § 1983 is the federal statute through which Plaintiff brings this action.

On February 22, 2019, Defendants removed the state action to federal court pursuant to 28 U.S.C. § 1441(a), which allows a defendant to remove a civil action to federal district court, provided such court has original jurisdiction over the action. A federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As Plaintiff brings this action pursuant to the First and Fourth Amendments, to the Constitution, this court has jurisdiction over this action, and, thus, Defendants properly removed it.

On March 7, 2019, Defendants filed motions to dismiss. The court granted both motions to dismiss on October 11, 2019, because Plaintiff's Original Petition failed to state any claims upon which relief could be granted, and allowed him 20 days to amend his pleadings (Doc. 11 at 1, 12). Mr. Carmona requested a extension of time to file his amended complaint on October 31, 2019, and the court granted an extension to November 15, 2019. He filed Plaintiff's First Amended Petition[sic] as directed (Doc. 14). Mr. Carmona added allegations that he was injured because of

**Memorandum Opinion and Order – Page 2**

a policy or custom of the City; seeks to add fourteen individuals who were police officers of the City at that time of his arrest on January 20, 2017; and dropped the DPD as a party. He asserts the same claims of denial of his rights to free speech and protest under the First Amendment, and he asserts claims false arrest and malicious prosecution under the Fourth Amendment, just as he did in his Original Petition. Simultaneously, Plaintiff filed his motion to add parties and file a second amended complaint. The City opposes the motion and contends that the provisions of Federal Rule of Civil Procedure 15(c)(1)(C) do not permit Plaintiff to add the fourteen police officers as defendants because he failed to include them in his Original Petition, which was filed prior to the expiration of the statute of limitations on January 20, 2019.

**II.     Plaintiff's Motion to Add Fourteen DPD Officers as Defendants**

        **A.     The Parties' Contentions**

Mr. Carmona seeks to add the following persons who were police officers of the City of Dallas at the time of his arrest and were allegedly involved in his arrest or were present when he was arrested: B. Bueno, #10269; I. Saldaña, #8041; M. Heard, #10522; F. Silva, #10422; F. Mireles, #9969; C. Zuniga, #10499; R. Lozano, #9732; B. Fillingim, #9979; D. Sullivan, #9821; D. Young, #1884; J. Nash, #6386; I. Gunter, #6801; K. Seng, #7629; and J. Salas, #7379 (hereafter referred to as the "Fourteen Officers"). He contends that Federal Rule of Civil Procedure 15(c) allows the addition of the Fourteen Officers because an amendment to a pleading relates back to the January 7, 2019, the date of the original pleading. He, therefore, contends that the two-year statute of limitations does not apply and the court should allow him to add the Fourteen Officers as parties.

The City contends that Plaintiff misapprehends Rule 15(c) because he has not met the standard set forth in the rule and that the motion should be denied. For the reasons that follow, the court agrees.

### B.     The Standard Under Rule 15(c)

Part of Federal Rule of Civil Procedure 15(c) allows an amendment to relate back to the date the original pleading was filed, provided certain conditions are met. It provides as follows:

> **(c)     Relation Back of Amendments.**
> **(1)     When an Amendment Relates Back.** An amendment to a pleading relates back to the date of the original pleading when:
> **(A)** the law that provides the applicable statute of limitations allows relation back;
> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
> **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

### C.     Statute of Limitations for Section 1983 Actions

There is no federal statute of limitations for an action filed under 42 U.S.C. § 1983. Instead, district courts apply the law of the forum state to ascertain the applicable statute of limitations in a section 1983 action. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Texas's personal injury statute of limitations applies in section 1983 actions. *Id.* Texas has a two-year statute of limitations for personal injury claims. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a).

**Memorandum Opinion and Order – Page 4**

   **D.**  **Discussion**

  Mr. Carmona contends that the City Attorney's Office of Dallas received a demand in April 2018 pursuant to section 101.101(c) of the Texas Civil Practice's & Remedies Code that "clearly put[ ] them on notice that the officers under the Dallas Police Department had violated the rights of Mr. Carmona and they should anticipate a State or Federal lawsuit." Pl.'s Mot. to Add Parties 4. He further contends a video from Fox News and a picture in *The Dallas Morning News* provides information related to his arrest. *Id*.

  Mr. Carmona further states that his discovery requests were denied and that he was unable to obtain the names of the officers involved in the alleged unjustified attack and his arrest. In this regard, Mr. Carmona contends that it would have been unethical and in bad faith to sue the wrong officers if he did not know which officers "rushed him, dragged him, attacked him and violated his civil rights, and knowing that five other were involved in [the] attempt to suppress his constitutional rights." Pl.'s Mot. to Add Parties 5.

  As a final argument, Mr. Carmona contends that if he is given an opportunity to conduct discovery, he could "narrow down the identities of parties who were the culprits in this case, and then drop the rest of the parties, letting the proper defendants stand in front of [ ] the court, in his pursuit of justice." *Id*. at 6-7.

  The court does not believe that the resolution of Plaintiff's Motion to Add Parties requires any extensive or esoteric analysis. This is so because Plaintiff's Original Petition specifically lists each of the Fourteen Officers by the initial of their first names, their last names, and badge numbers. *See* Pl.'s Original Pet. 3, ¶ 10. As previously stated, Plaintiff's Original Petition was filed on January 7, 2019, approximately two weeks before the two-year statute of limitation expired on January 20, 2019.

**Memorandum Opinion and Order – Page 5**

For Plaintiff to relate back the claims filed against the Fourteen Officers he seeks to add to January 7, 2019, he "must show both that the added defendant[s] received adequate notice of the original lawsuit and that the defendant[s] knew that, but for a mistake concerning the identity of the defendant[s], the action would have originally been brought against [them]." *Winzer v. Kaufman Cty.*, 916 F.3d 464, 470 (5th Cir. 2019) (citing *Jacobsen v. Osbourne*, 133 F. 3d 315, 319-22 (5th Cir. 1988). Rule 15(c) is designed "to correct a *mistake* concerning the identity of a party." *Osbourne*, 133 F.3d at 321. *Here, there is no mistake of identity or misnomer, as Plaintiff knew the identity of each of the Fourteen Officers he now seeks to add but failed to include them as parties to this action initially.* Mr. Carmona elected not to sue any of the Fourteen Officers or any individual defendant when he filed Plaintiff's Original Petition on January 7, 2019, even though he knew each potential defendant's identity, for certain, almost two weeks before the Texas statute of limitations expired on January 20, 2019. Moreover, Plaintiff has made no showing that the Fourteen Officers received any notice, much less adequate notice, of the original lawsuit filed in state court, as they were not parties to the initial lawsuit.

Mr. Carmona did not seek to add the Fourteen Officers as defendants until November 15, 2019, almost ten months after the expiration of the statute of limitations. His attempt to add the Fourteen Officers is not the result of mistake, misnomer, or misidentification, and, therefore, the relation-back doctrine of Rule 15(c) does not apply. All claims against the Fourteen Officers are barred by the two-year statute of limitations. Accordingly, for these reasons the court will deny Plaintiff's Motion to Add the Fourteen Officers as parties to this action.

      **E.**    **Amendment of Pleadings**

Plaintiff requests the court to allow him to file a Second Amended Complaint. The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should

**Memorandum Opinion and Order – Page 6**

freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

First, the court notes that Mr. Carmona failed to inform the court how he would amend Plaintiff's First Amended Complaint, as no copy of a proposed Second Amended Complaint is attached to his motion as required by Local Civil Rule 15.1(a) of the Northern District of Texas. Thus, the court is not put on notice as to the nature of the amended pleading Plaintiff seeks to file.

Second, the court determines that a future motion to amend as to the Fourteen Officers would be futile because it has already held, as a matter of law, that any claim against them is barred by the applicable statute of limitations. Stated differently, in light of the court's ruling, Mr. Carmona is unable to state a claim upon which relief can be granted because of the statute of limitations with respect to the Fourteen Officers, and dismissal under Federal Rule of Civil 12(b)(6) is appropriate.[2]

---

[2] A statute-of-limitations defense may support dismissal pursuant to Rule 12(b)(6) when it is evident from a plaintiff's pleadings that the action is time-barred and the pleadings fail to raise or set forth some basis for tolling the statute. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citations omitted). Dismissal is appropriate because the conditions are met in this case.

**Memorandum Opinion and Order – Page 7**

Finally, in light of what the court later determines, allowing Plaintiff an opportunity to amend and add parties will unnecessarily delay the resolution of this action.

### III.     City's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

#### A.     Federal Rule of Civil Procedure 12(b)(6)

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas*

**Memorandum Opinion and Order – Page 8**

*Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St.*

**Memorandum Opinion and Order – Page 9**

*Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).  Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted.  *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc).  Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge.  *Adams*, 556 F.2d at 293.

### B. Municipal Liability under 42 U.S.C. § 1983 (Rule 12(b)(6))

A governmental entity can be sued and subjected to monetary damages and injunctive relief under 42 U.S.C. § 1983 only if its official policy or custom causes a person to be deprived of a federally protected right. *Board of the Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A governmental entity *cannot* be liable for civil rights violations under a theory of respondeat superior or vicarious liability. *Id.*; *see also Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979). Official policy is defined as:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the [the City's] lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of [City] officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents [the City's] policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the [the City] or to an official to whom that body had delegated policy-making authority.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (*en banc*); *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (*en banc*). For purposes of a motion to dismiss under Rule 12(b)(6), a plaintiff must plead facts from which the court can reasonably infer that the "challenged policy was promulgated or ratified by the city's policymaker." *Groden v. City of Dallas, Texas*, 826 F.3d 280, 285 (5th Cir. 2016). "[C]ourts should not grant motions to dismiss for [the] fail[ure] to plead the specific identity of the policymaker." *Id.* (citing *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346 (2014)).

The ultimate question in deciding the sufficiency of a complaint is whether a person has alleged facts to show that a policymaker promulgated or ratified an unconstitutional policy that resulted in injury to him or her. Although a plaintiff need not offer proof of his or her allegations at the pleading stage, a plaintiff "must plead facts that plausibly support each element of § 1983 municipal liability." *Peña v. City of Rio Grande, Tex.*, 879 F.3d 613, 621 (5th Cir. 2018) (citation omitted). In other words, a plaintiff must set forth facts, or those from which the court can reasonably infer, that: "(1) an official policy; (2) promulgated by the municipal policymaker; (3) was the moving force behind the violation of a constitutional right." *Hicks-Fields v. Harris Cty.*, 860 F.3d 803, 808 (5th Cir. 2017) (footnote and citations omitted). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citations omitted).

The policy or custom asserted by a plaintiff regarding municipal liability may include the inaction of official policymakers; however, such inaction can serve as the basis of a claim only when it constitutes "deliberate indifference" to the rights of the plaintiff, and such indifference is a "closely related" cause of the plaintiff's injuries. *City of Canton v. Harris*, 489 U.S. 378, 388, 391 (1989). The

**Memorandum Opinion and Order – Page 11**

failure or inaction "must amount to an intentional choice, not merely an unintentionally negligent oversight." *Rhyne v. Henderson Cty.*, 973 F.2d 386, 392 (5th Cir. 1992) (citing *City of Canton*, 489 U.S. at 390). Accordingly, municipal liability cannot be imposed against a city or other local government because of the negligence of its employees. To do so would predicate liability on a theory of respondeat superior, which is not allowed under *Monnell*. 436 U.S. at 694.

To defeat "a motion to dismiss, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts.'" *Balle v. Nueces Cty. Tex.*, 690 F. App'x 847, 852 (5th Cir. 2017) (quoting *Spiller v. City of Tex. City Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997)). In other words, the pleadings are adequate with respect to a section 1983 claim against a city when they set forth "specific factual allegations that allow a court to reasonably infer that a policy or practice exists and that the alleged policy or practice was the moving force" for the constitutional violation asserted. *Id.* (citation omitted). Although *Spiller* is over twenty years old, its holding that allegations of an allegedly unconstitutional policy or custom of a local government may not be stated conclusorily but must set forth specific facts is still solid law, and it was recently cited with approval by the Fifth Circuit in *Peña*. 879 F.3d at 622. If a complaint does not meet the standard set forth in *Spiller*, an action cannot "proceed beyond the pleading stage." *Id*.

### C.     Discussion

The City contends that Mr. Carmona fails to state a valid claim against it because he has failed to set forth sufficient allegations that he was injured as a result of a policy or custom of the City. The court agrees with the City.

When the court allowed Plaintiff to file an amended pleading, it set forth in its Memorandum Opinion and Order of October 11, 2019 (Doc. 11 at 4-10), in a punctilious manner

**Memorandum Opinion and Order – Page 12**

the necessary criterion to state a claim against a municipality. The standard is identical to that herein set forth. Despite the clear instructions from the court, Plaintiff did not take heed and fails to adequately plead a plausible claim against the City.

Other than alleging that the Fourteen Officers he seeks to add were employers of the City of Dallas, Plaintiff alleges the following regarding a custom or policy of the City:

> 21.      Additionally, the City of Dallas and its Police Dept. are well known for their brutality, escalation of situations, and lack of holding the officers responsible for any wrong doings (see Exhibit B – articles from WFAA online, Dallas Morning News, Texas Observer). The city of Dallas, and the Dallas Police Dept. have intentionally looked the other way when it comes to perjury committed by their officers, so much so, and as evident in this case as well, that is has become defacto municipal law which falls under the criteria provided by *Hicks-Fields v. Harris County 860*, F.3d 803, 808 (5th Cir. 2017).
>
> *…"persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy, …"*

Pl.'s First Amended Pet. [sic] 6, ¶ 21.

The articles mentioned in Exhibit B do little, if any, for the court to reasonably infer that the City has unconstitutional customs or policies of falsely arresting members of the public, denying them their right to free speech and right to protest, or maliciously prosecuting them for charges that lack an adequate legal foundation; and that such customs or policies were the moving force that caused Plaintiff to suffer constitutional harm on January 17, 2017. The articles cited by Mr. Carmona are nothing more than a gallimaufry of statements of opinions interspersed with some factual content that is irrelevant to the court's determination whether he has alleged sufficient facts to defeat a Rule 12(b)(6) motion. Despite the court giving Plaintiff a blueprint or recipe for stating a claim against the City, his allegations are conclusory and speculative with respect to whether a policy or custom of the City was the moving force that caused him to suffer a

**Memorandum Opinion and Order – Page 13**

constitutional injury. Neither the conclusory and speculative allegations of Plaintiff's amended pleading nor the information contained in Exhibit B to his amended pleading provides a plausible basis for the court to reasonably infer that the City is liable to Mr. Carmona because of an allegedly unconstitutional policy or custom. Considering the scant and conclusory allegations of Plaintiff's amended pleading, he has not even set forth allegations to show the "mere possibility" that the City could be liable to Plaintiff for any alleged constitutional violation. While Plaintiff correctly cites the holding of *Hicks* in his amended pleading, he wholly fails to set forth factual allegations to support what is legally required of him to adequately plead a claim of municipal liability. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted against the City, and dismissal of his claims is appropriate.

### D.     Miscellany

#### 1.     State Law Claims

To the extent that Plaintiff continues to attempt to assert state law claims of false arrest and malicious prosecution, against the City these claims are barred for the reasons previously set forth in the court's earlier opinion (Doc. 11 at 10-11). These claims are intentional torts, and the City enjoys governmental immunity from such torts. That ruling stands, and these state law claims, to the extent they are asserted, are barred.

#### 2.     The DPD

As the DPD is not included as a party in Plaintiff's amended pleading, it cannot be held liable to Plaintiff as matter of law. Moreover, to the extent that Plaintiff maintains that the DPD is still a party, the court's earlier ruling (Doc. 11 at 7) that it is not a jural entity stands and bars any liability against it.

3. Amendment of Pleadings

Simultaneously with the filing of Plaintiff's First Amended Complaint, Mr. Carmona requests the court to allow him to file Plaintiff's Second Amended Complaint. The court declines to allow Plaintiff to amend his pleadings to add the Fourteen Officers. The court ruled as a matter of law that Mr. Carmona could not add them as parties to this action. Thus, any future amendment would be futile.

To the extent that Plaintiff seeks to file another pleading to address municipal liability, such request will be denied. This is so because, despite being given a blueprint by the court as to the standard necessary to plead a section 1983 claim against the City, Plaintiff failed to cure the deficiencies pointed out by the court. Plaintiff has had two "bites at the apple," and the court has no reason to believe that he would fare any better if given a third "bite at the apple." A court is not required to give "ineffective litigants a second chance to develop their case." *Reliance Ins. Co. v. Louisiana Land & Expl.*, 110 F.3d 253, 258 (5th Cir. 1997) (citation omitted). Allowing any further attempt to amend unnecessarily delays the resolution of this action.

## IV. Conclusion

For the reasons herein stated, the court **denies** Plaintiff's Motion to Add Parties Pursuant to Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure, and to File a Second Amended Complaint (Doc. 15); and **grants** the City of Dallas's Rule 12(b)(6) Motion to Dismiss the Claims Alleged in Plaintiff's First Amended Petition (Doc. 16). Accordingly, the court **dismisses with prejudice** this action, and it will issue judgment by separate document as required by Federal Rule of Civil Procedure 58.

**It is so ordered** this 28th day of May, 2020.

                                                        Sam A. Lindsay
                                                        United States District Judge